UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>        Plaintiff,<br><br>    v.<br><br>J. FREDERICK, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-00541-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS<br><br>ECF No. 7<br><br>SIXTY-DAY DEADLINE |

    Plaintiff Michael E. Jacques is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that his due process rights were violated when defendants classified him as a sex offender during an administrative hearing.[1] ECF No. 7 at 12. He also alleges that defendants violated his rights by denying his grievances challenging that classification. *Id.* at 13. I find that the complaint does not state a cognizable claim, but I will

---

[1] I will grant plaintiff's motion to amend his complaint. ECF No. 6. This screening order will address the allegations in the amended complaint. ECF No. 7.

1

1 give plaintiff leave to amend.

2 Plaintiff has also filed two applications to proceed *in forma pauperis*. ECF Nos. 2 & 8.
3 The first makes the proper showing, and I will grant it. I will deny the second application as
4 moot.

## Screening and Pleading Requirements

6 A federal court must screen a prisoner's complaint that seeks relief against a governmental
7 entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable
8 claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
9 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
10 immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

11 A complaint must contain a short and plain statement that plaintiff is entitled to relief,
12 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
13 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
14 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
15 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
16 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
17 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
18 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
19 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
20 n.2 (9th Cir. 2006) (en banc) (citations omitted).

21 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
22 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
23 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
24 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
25 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
26 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
27 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

28

**Analysis**

Plaintiff alleges that, on April 29, 2020, a classification committee comprised of defendants Collinsworth, Lynch, and Frederick affixed an "R" suffix to his administrative file, identifying him as a sex offender. ECF No. 7 at 12-13. He claims that he was not afforded adequate due process before, during, or after this hearing and that the "R" classification was incorrectly applied. *Id.* at 11-12. Prisoners do not have a constitutional right to a particular security classification, however. *Neal v. Shimoda*, 131 F.3d 818, 828 (9th Cir. 1997). More generally, due process protections arise in the prison context only where actions taken against an inmate "impose[] atypical and significant hardship on [that inmate] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). I cannot tell what "atypical and significant hardships" attend an "R" classification. Plaintiff can elaborate on this issue in his amended complaint.

Plaintiff also claims that his rights were violated when defendants Lynch and Moseley denied his grievances attacking the classification decision. ECF No. 7 at 14, 21. A defendant's denial of an administrative grievance does not amount to a constitutional violation. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).

Next, plaintiff alleges that an impending transfer to High Desert State Prison ("HDSP") threatens his safety. ECF No. 7 at 42, 46. He claims that HDSP has a reputation for not keeping the "R" classification of inmates confidential. *Id.* at 46. Inmates have no constitutional right to be housed at a particular prison. *Shimoda*, 131 F.3d at 828. And, at this point, any threat posed by staff or prisoners at HDSP to plaintiff's safety is speculative.

Finally, plaintiff alleges that on March 3, 2021, non-defendant correctional officer D. Inman told other inmates that plaintiff had the "R" classification. ECF No. 7 at 46. Plaintiff does not allege that the other inmates threatened, injured, or took any adverse action against him, however. Additionally, he has not named D. Inman as a defendant to this action. He may do so in any amended complaint.

I will give plaintiff leave to amend his complaint before recommending dismissal of this action. If plaintiff decides to file an amended complaint, the amended complaint will supersede

3

the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that an amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint will longer serve any function.  Therefore, in any amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

     Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.
2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is denied as moot.
3. Plaintiff's motion to amend, ECF No. 6, is granted.
4. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.
5. Failure to comply with this order may result in the dismissal of this action.
6. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4