1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 MICHAEL E. JACQUES,

11 Plaintiff,

12 v.

13 J. FREDERICK, *et al*.,

14 Defendants.

Case No. 2:21-cv-00541-JDP (PC)

ORDER THAT:

(1) PLAINTIFF NOTIFY THE COURT OF HIS INTENTION TO STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED

OR

(2) FILE AN AMENDED COMPLAINT

ECF No. 14

SIXTY-DAY DEADLINE

20     This action proceeds on plaintiff's second amended complaint. ECF No. 14. In it,

21 plaintiff alleges that the defendants violated his due process rights by assigning him an "R" suffix

22 and administratively identifying him as a sex offender. Plaintiff has, for the reasons stated below,

23 failed to state a viable claim. I will give him a final opportunity to amend before recommending

24 that this action be dismissed.

25 **Screening and Pleading Requirements**

26     A federal court must screen a prisoner's complaint that seeks relief against a governmental

27 entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

28

1   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

2   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

3   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

5   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

6   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

7   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

8   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

9   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

10   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

11   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

12   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

13   n.2 (9th Cir. 2006) (en banc) (citations omitted).

14        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

15   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

16   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

17   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

18   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

19   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

20   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21   **Analysis**

22        Plaintiff alleges that defendants Frederick and Lynch wrongfully affixed an "R" suffix to

23   his file and administratively identified him as a sex offender.  ECF No. 14 at 9.  This

24   classification deprived him of various privileges, including potential assignment to voluntary

25   programs like the inmate firefighting corps that, if completed, might entitle him to earlier release.

26   *Id.* at 12.  He alleges that the wrongful classification violated his due process rights.

27        This claim is not cognizable.  The Ninth Circuit has held that prisoners have no protected

28   liberty interest in any particular prison classification.  *See Myron v. Terhune*, 476 F.3d 716, 718

1    (9th Cir. 2007).  And, with respect to the classification of an inmate as a sex offender, the Ninth

2    Circuit has held that a liberty interest is created only where that classification is accompanied by a

3    requirement that the inmate complete a sex offender treatment program as a precondition of

4    parole eligibility.  *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing

5    consequences of the attachment of the 'sex offender' label coupled with the subjection of the

6    targeted inmate to a mandatory treatment program whose successful completion is a precondition

7    for parole eligibility create the kind of deprivations of liberty that require procedural

8    protections.").  Here, plaintiff has not alleged that his classification requires him to complete a

9    mandatory treatment program to be eligible for parole.

10         I will allow plaintiff a final chance to amend his complaint before recommending that this

11   action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint

12   will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th

13   Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face

14   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

15   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

16   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

17   defendant's involvement in sufficient detail.  The amended complaint should be titled "Third

18   Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an

19   amended complaint, I will recommend that this action be dismissed.

20         Accordingly, it is ORDERED that:

21         1. Within sixty days from the service of this order, plaintiff must either file an

22   Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects

23   the latter option, I will recommend that this action be dismissed for failure to state a claim.

24         2. Failure to comply with this order may result in the dismissal of this action.

25         3. The Clerk of Court is directed to send plaintiff a complaint form.

26

27

28

3

IT IS SO ORDERED.

Dated:     October 13, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE